(C.D. 4153)

CONRAC DIVISION OF GIANNINI CONTROLS CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Dated December 23, 1970)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Frederick L. Ikenson*, trial attorney), for the defendant.

Association of the Customs Bar (*Josua M. Davidson, Charles P. Deem*, and *Earl R. Lidstrom* of counsel) as *amicus curiae.*

Before RAO, FORD, and NEWMAN, Judges; NEWMAN, J., concurring

FORD, Judge: This case is before the court by virtue of a motion to abandon made on behalf of plaintiff and a cross-motion by defendant to dismiss and assess penalties on the ground the protest is frivolous. Both motions were filed with the court at Los Angeles, California prior to October 1, 1970, the effective date of the Customs Courts Act of 1970, Public Law 91–271.

The statutory provision covering frivolous protests is contained in 28 U.S.C. § 2641, and provides as follows:

> The Customs Court shall, upon motion of counsel for the Government and may, upon its own motion, decide whether any appeal for reappraisement or protest filed under this chapter, under sections 1501, 1514, 1515, or 1516 of Title 19 or under section 1583 of this title is frivolous. If the court decides that such appeal or protest is frivolous, it shall assess a penalty of not less than $5.00 nor more than $250.00 against the person filing such appeal or protest.

> All frivolous appeals for reappraisement or protests filed by the same person and raising the same issue shall be consolidated in one proceeding for the purpose of imposing such penalty.

The Rules of the Customs Court covering the motion involved provide as follows:

Rule 23A — Abandonment of Cases:

1. A case may be abandoned by plaintiff:

(a) *After service of a notice of trial,* by order of the Court on a motion to abandon and upon such terms and conditions as the Court deems appropriate.

(1) A motion to abandon shall be made pursuant to and in accordance with the provisions of Rule 6(d) and Route 6(e).

Rule 6 (d) and (e):

(d) *All other motions.*—All other motions, *except those made orally* in open court or at the trial of a case, shall be in writing and when in writing shall be filed in the office of the clerk of the court at New York and they shall be entered in the order of their filing in books to be kept for that purpose; except as otherwise provided by statute, such motions which are uncontested shall be determined by the judge having jurisdiction in the premises. All others *shall be referred to the judge or division of the court having jurisdiction in the premises.* Copies of all motions shall be served upon the opposite party or his attorney of record, either personally or by mail, and proof of such service shall accompany the filing of the motion papers. The opposing party, or his attorney of record, shall be allowed 15 days after service of a copy of any motion upon him in which to reply to the same: *Provided however,* That in the case of motion papers filed in connection with cases tried at ports in the States of Washington, Oregon, California, Nevada, Idaho, Utah, Arizona, New Mexico, Colorado, Wyoming, Montana, Alaska, or Hawaii, or beyond the limits of the continental United States the court, may grant a period of 10 days in addition to the 15 days allowed, in which to file objections thereto. [Emphasis supplied.]

(e) All motions and papers in opposition thereto, except motions to amend or oral motions made during trials or hearings, shall be accompanied by a proposed order such as each party may deem to be the proper form of order to be entered in the premises.

Rule 6 (h):

(h) *Frivolous protest or appeal.*—Whenever it shall appear to a division of this court, or a judge thereof, upon motion of counsel for the Government or upon its own motion, that any protest or appeal for reappraisement is frivolous, the division or judge shall, if such protest or appeal for reappraisement be determined to be frivolous, assess penalties against the person filing such protest or appeal, and such protest or appeal shall be dismissed. Notice and an opportunity to be heard shall be given to the person filing such protest or appeal before any finding or judgment is rendered. (Note Title 28, U.S.C. § 2641.)

When this case was called on January 26, 1970 the judge assigned to the Los Angeles docket heard oral argument on the question of whether the protest was frivolous. Upon completion of the argument

the judge on circuit stated he was assessing a penalty of $100 subject to review by the Second Division. The judge on circuit and the attorneys for both sides recognized that a ruling on the motion was at all times the prerogative of the Second Division.

The court then allowed time to plaintiff to respond to the memorandum filed by defendant. Subsequently on May 22, 1970 defendant filed a reply brief. The Association of the Customs Bar applied for and received permission to appear as *amicus curiae*. The brief of *amicus curiae* was filed on August 3, 1970 and defendant made a motion to strike certain portions thereof on August 13, 1970. This motion was denied by the court on October 19, 1970.

On October 1, 1970, the Customs Courts Act of 1970, Public Law 91–271 became effective. Section 121 of said act, *supra*, repeals 28 U.S.C. § 2641 relating to frivolous protest in "all actions and proceedings in the Customs Court * * * except those involving merchandise entered before the effective date for which trial has commenced by such effective date [section 122(a)]." Rule 14.9(b)(2) has in effect defined the time when a trial has been commenced by using the following language:

> (2) Actions in which, in open court, a witness was sworn or evidence was admitted prior to October 1, 1970, and actions which have been remanded to a single judge to find value under 28 U.S.C. § 2636(d), as amended by 62 Stat. 981, (1948), shall be deemed actions in which trials have commenced prior to October 1, 1970.

Oral arguments on motions do not place this case within the purview of said rule 14.9(b)(2). Accordingly, there is no statutory authority under the Customs Court Act of 1970 which permits the imposition of penalties for frivolous protests. The question is therefore moot. The motion of defendant is denied.

The motion of plaintiff to abandon is granted.

NEWMAN. J.: I concur in the result.